### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **MIRIAM AIDE CARCAMO-LOPEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-09-CV-371-KC** |
| | § | |
| **DOES 1 through 20, inclusive, AS** | § | |
| **BORDER PATROL AGENTS WITH** | § | |
| **UNITED STATES CUSTOMS &** | § | |
| **BORDER  PROTECTION,** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY and in their individual** | § | |
| **capacities, and THE UNITED STATES** | § | |
| **OF AMERICA, and RICARDO R.** | § | |
| **MONTALVO SUED AS A NEW** | § | |
| **DEFENDANT AND AS DOE 1,** | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

On this day, the Court considered Defendant Ricardo R. Montalvo's ("Montalvo")
"Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and (6)" ("Motion"), ECF
No. 36.  For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

The following facts are taken from the Amended Complaint, ECF No. 18, and Plaintiff's
Opposition to Montalvo's Motion to Dismiss ("Response"), ECF No. 37, as befits the standard
applicable at this stage of the proceedings.

On February 2, 2008, Plaintiff crossed the Rio Grande River into the United States near
Ysleta, Texas.  Am. Compl. ¶ 14.  At that time, Montalvo, a Border Patrol Agent, was driving a
Border Patrol vehicle in the area.  *Id.* ¶ 15.  Montalvo sped up the vehicle and ran over Plaintiff,
causing serious injuries.  *Id.* ¶¶ 15, 18.  After Plaintiff began screaming in pain, Montalvo
approached her, picked her up, threw her into his vehicle, and drove her to another location

before calling an ambulance, despite knowing she was seriously injured.  *Id.* ¶ 16.  When the ambulance arrived, Plaintiff was taken to a distant hospital, not the one closest to the accident. *Id.* ¶ 17.

On October 10, 2009, Plaintiff filed her Complaint in this case, naming as Defendants the United States and twenty unnamed Border Patrol Agents in their individual capacities.  Compl. ¶¶ 6-8, ECF No. 1.  Plaintiff filed a claim against the Border Patrol Agents under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of her constitutional rights.  Specifically, Plaintiff alleged the unnamed agents violated her rights under the Fourth and Fifth Amendments of the United States Constitution by running her over with a vehicle, throwing her into the vehicle, and driving her to another location before calling an ambulance, despite knowing she was injured.  *Id.* ¶¶ 18-23.  Plaintiff filed claims against the United States under the Federal Tort Claims Act for assault and battery, *id.* ¶¶ 24-33, and asserted a common law claim of negligence against the unnamed Border Patrol Agents and the United States.  *Id.* ¶¶ 34-37.

On February 19, 2010, Defendant United States provided its initial disclosures to Plaintiff, revealing to Plaintiff for the first time the name of Defendant Montalvo as the Border Patrol Agent involved in the incident with Plaintiff.  Resp. 6.  On June 30, 2010, Plaintiff moved for leave to amend her complaint, solely in order to substitute Montalvo for one of the 'Doe' Border Patrol Agents.  Mot. for Leave to Amend Compl., ECF No. 10.  The Court granted leave on July 30, 2010, and Plaintiff's Amended Complaint was docketed the same day.  First Am. Compl. ("Amended Complaint").

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.    Analysis**

Montalvo has moved for dismissal on two grounds. First, he has moved under Rule 12(b)(1) for dismissal of the *Bivens* claim against him on the grounds that by the time he was added as a defendant in the Amended Complaint the statute of limitations had run, and the

3

Amended Complaint did not relate back to the date the original Complaint was filed.  Mot. 3-6.

Second, Montalvo has also moved under Rule 12(b)(6) for dismissal of part of the *Bivens* claim

against him based on qualified immunity.  *Id.* at 6-9.  Montalvo has argued that with regard to

the allegations that he "approached her, picked her up, threw her into his vehicle, and drove her

to another location before calling an ambulance, despite knowing she was seriously injured,"

Plaintiff did not adequately allege a violation of a constitutional right, or at the very least not a

violation of a clearly established constitutional right.  *Id.* at 9.

### 1.    Statute of limitations

The Court notes at the outset that a statute of limitations defense to a *Bivens* claim is an

affirmative defense, and does not operate to deprive the Court of subject matter jurisdiction.  *See*

Fed. R. Civ. P. 8(c); *Solis-Alarcon v. United States*, 432 F. Supp. 2d 236, 242 (D.P.R. 2006)

("'the statute of limitations as to a Bivens action against individual officers is simply an

affirmative defense and does not affect a court's subject matter jurisdiction'") (quoting *Vega-*

*Encarnación v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003)).  A statute of limitations defense is

properly raised in a 12(b)(6) motion.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003);

*Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) ("[t]he statute of limitations [applicable to

a § 1983 claim] may serve as a proper ground for dismissal under Federal Rule of Civil

Procedure 12(b)(6)").  Though burdens of proof are different for 12(b)(1) and 12(b)(6) motions,

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Lerner v. Fleet Bank, N.A.*, 318

F.3d 113, 128 (2d Cir. 2003), the standards of review are identical.  *Benton v. United States*, 960

F.2d 19, 21 (5th Cir. 1992).  Accordingly, in the interests of judicial economy the Court will not

deny the Motion, but will instead treat it as one made under Rule 12(b)(6).

The Court begins its analysis of the statute of limitations issue by determining whether

the Amended Complaint relates back to the date of the filing of the original Complaint, because

it is dispositive of this matter.  That is, whether the statute of limitations ran on Plaintiff's claim

against Montalvo is irrelevant, because the Court finds that even if it had, the claim is

nonetheless saved by the relation back provisions of Federal Rule of Civil Procedure 15(c).

     Rule 15(c) provides:

> (c) **Relation Back of Amendments**.
> (1) ***When an Amendment Relates Back***. An amendment to a pleading relates
> back to the date of the original pleading when:
>> . . .
>> (B) the amendment asserts a claim or defense that arose out of the
>> conduct, transaction, or occurrence set out--or attempted to be set out--in
>> the original pleading; or
>> (C) the amendment changes the party or the naming of the party against
>> whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the
>> period provided by Rule 4(m) for serving the summons and complaint, the
>> party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced
>>> in defending on the merits; and
>>> (ii) knew or should have known that the action would have been
>>> brought against it, but for a mistake concerning the proper party's
>>> identity.
> (2) ***Notice to the United States***. When the United States or a United States officer
> or agency is added as a defendant by amendment, the notice requirements of Rule
> 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was
> delivered or mailed to the United States attorney or the United States attorney's
> designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c).

     Here, Montalvo was added as a defendant in the Amended Complaint and he is an officer

of the United States, so the provisions of Rule 15(c)(2) apply.  The claims against the United

States are based upon Montalvo's actions, and Montalvo's actions were set out in the original

Complaint, though they were attributed to an unnamed Border Patrol agent.  The claims against

Montalvo are necessarily part of the same conduct, transaction, or occurrence set out in the

original Complaint, satisfying Rule 15(c)(1)(B).  Therefore, so long as the original Complaint

was timely filed, and process for the original Complaint was delivered or mailed to the United

States Attorney within the time period provided by Rule 4(m), then the  Amended Complaint

adding Montalvo as a defendant relates back to date of the original Complaint and is also timely.

*See Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 903-04 (5th Cir. 1989) (allowing relation

back for amendment adding the Postmaster General as a defendant where United States Attorney

was served with process within the statute of limitations); *Edwards v. United States*, 755 F.2d

1155, 1158 (5th Cir. 1985) (allowing relation back for amendment adding the United States as a

defendant where United States Attorney was served with process within the statute of

limitations); *Fludd v. U.S. Secret Serv.*, 102 F.R.D. 803, 804-05 (D.D.C. 1984) (allowing relation

back for new *Bivens* claims against Secret Service officers in their individual capacities, where

United States Attorney was properly served within the statute of limitations); *see also Dixon v.*

*Hubert*, 260 F. App'x. 727, 728 (5th Cir. 2007) (indicating that the proper procedure when a

plaintiff knows only the position of an individual defendant is to bring suit against "John or Jane

Does").

       With regard to the timeliness of the original Complaint, the statute of limitations on

*Bivens* actions in Texas is two years.  *Spotts v. United States*, 613 F.3d 559, 573-74 (5th Cir.

2010).  A *Bivens* claims accrues "'the moment the plaintiff becomes aware that he has suffered

an injury or has sufficient information to know that he has been injured.'"  *Id.* at 574 (quoting

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).  Here, assuming that Plaintiff

learned of her injury on the day it occurred, February 2, 2008, the earliest the statute of

limitations could have expired would have been February 2, 2010.  The original Complaint was

filed on October 9, 2009, so the original Complaint was timely.

       After filing, under Rule 4(m) a plaintiff has 120 days to serve a defendant with process.

Fed. R. Civ. P. 4(m).  Adding 120 days to October 9, 2009, the last date Plaintiff could have timely mailed or delivered process to the United States Attorney was June 2, 2010.  According to the docket, it appears that a copy of the original Complaint was mailed to the United States Attorney's Office in El Paso, Texas, before October 20, 2009.  *See* Letter/Correspondence to Gilbert R. Geilim from the U.S. Attorney's Office, ECF No. 5 (letter from United States Attorney on October 20, 2009, indicating prior receipt by mail of a copy of the Complaint). Alternatively, given that the United States filed its Answer on December 28, 2009, the Court presumes that it was actually served with process before that date.  Either the mailing or the service was effective to give notice to the United States Attorney of the suit, *see Montgomery*, 867 F.2d at 903, and the dates of mailing and service were both within the 120 days provided for in Rule 4(m).  Therefore, the Amended Complaint relates back to the date the original complaint was filed, October 9, 2009, and the claim against Montalvo is not time-barred.

Montalvo's argument that relation back is only available where the correct party was not named because of mistake, but not when the failure resulted from simple ignorance, is unavailing.  While *Jacobsen v. Osborne*, 133 F.3d 315, 321-22 (5th Cir. 1998), and *Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008), do so hold, those cases are inapposite to the present proceedings.  The original defendants in *Osborne* were sheriff's deputies, a municipality, police officers, and the sheriff's office.  133 F.3d at 317-18.  There, the plaintiff sought to add as defendants in an amended complaint certain other sheriff's deputies.  *Id.* at 317. The original defendants in *Whitt* were unnamed sheriff's deputies, a county, and the sheriff in his individual and official capacities.  529 F.3d at 281.  The plaintiff in *Whitt* sought to add as defendants in an amended complaint certain jailers and emergency medical technicians.  *Id.* at 281-82.  None of these parties, in either *Osborne* or *Whitt*, were covered by the provisions of

7

Rule 15(c)(2).  Therefore, while the holdings in these two cases are clear that the substitution of

a named defendant for a 'John Doe' defendant will generally not relate back to the date of the

original complaint where the failure to name the proper defendant originally was the result of

ignorance instead of a mistake, the plain language of the Rule indicates that these cases cannot

apply where the party to be added is the United States or a United States officer.  In such a

scenario, "the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied" by mailing or

delivery of process on certain specified officers.  Fed. R. Civ. P. 15(c)(2); *see Montgomery*, 867

F.2d at 903 ("notice to the U.S. Attorney within the limitations period is *sufficient* to preserve an

action against a United States agency or officer") (emphasis added).  Therefore, *Osborne* and

*Whitt* do not apply here.

   Finally, to the extent that *Osborne* and *Whitt* do indicate a plaintiff can only add a United

States officer where the failure to name the officer originally was the result of a mistake, the

Court notes that *Montgomery* allowed an amendment adding a United States officer to relate

back without any requirement that the amendment be the result of a mistake.  *See Montgomery*,

867 F.2d at 903.  The earliest panel decision controls in the Fifth Circuit, so this Court must

follow *Montgomery*.  *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)

("one panel of this court cannot overrule the decision of another panel; such panel decisions may

be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting

en banc").

## 2.  Qualified immunity

   The doctrine of qualified immunity "serves to shield government officials from liability

based on the performance of discretionary functions."  *Beltran v. City of El Paso*, 367 F.3d 299,

302-03 (5th Cir. 2004); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001).  A

government official establishes entitlement to qualified immunity by showing that the conduct occurred in his official capacity and was within the scope of his discretionary authority. *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 939 (5th Cir. 1992). "An official acts within his discretionary authority when he performs nonministerial acts within the boundaries of his official capacity." *Tamez v. City of San Marcos*, 118 F.3d 1085, 1091-92 (5th Cir. 1997). Once a defendant has established such an entitlement to qualified immunity, the burden rests on the plaintiff to show that the defense does not apply. *Beltran*, 367 F.3d at 303; *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

In order to show that the defense does not apply, the plaintiff must meet a two-pronged test. *Beltran*, 367 F.3d at 303. First, the plaintiff must show that the allegations, if true, establish a violation of a constitutional right that was clearly established at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the plaintiff must show that the government official's conduct was objectively unreasonable in light of the established legal rules at the time of the alleged violation. *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). "The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right." *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (internal citations omitted). In other words, "the qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

Montalvo's motion for dismissal based on qualified immunity is unusual, and does not

9

show that qualified immunity applies.  Rather than show that qualified immunity applies to

Plaintiff's entire claim for violations of the Fourth and Fifth Amendments, Montalvo instead has

only tried to show that qualify immunity applies to some of Plaintiff's factual allegations.  In

other words, Montalvo seemingly seeks, on qualified immunity grounds, to redact from the

Amended Complaint a certain selection of the facts supporting Plaintiff's claim.  The Motion is

unusual in another regard as well.  After Plaintiff argued in her Response that "Montalvo's

conduct must be reviewed in totality of the circumstances as it occurred and as plead by

Plaintiff," Resp. 12, Montalvo chided her for not citing "to a single legal authority to support this

argument."  Reply 5.  However, Montalvo's Motion itself cites to no rule or case showing that

qualified immunity can be applied to only certain factual allegations supporting a claim.  Thus,

the Court is faced with a Motion and a Response, neither of which cites any law or case dealing

with the issue of dismissing factual allegations based on qualified immunity.  Montalvo carries

the burden as the movant on a 12(b)(6) motion.  *Lerner*, 318 F.3d at 128.  Consequently, in this

battle between unsupported arguments, Plaintiff's unsupported argument prevails and

Montalvo's fails.

Furthermore, the Court notes that because Montalvo has not asserted qualified immunity

for all of his actions with regard to Plaintiff, Plaintiff's *Bivens* claim against him would survive

even if the Court granted the Motion.  Also, Montalvo has not sought dismissal of the negligence

claim against him at all.  This seems to largely defeat the purpose of qualified immunity, which

is designed to protect defendants from having to proceed to trial at all.  *See McClendon v. City of

Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (describing the purpose of qualified immunity as

the right "to avoid standing trial" and "to avoid the burdens of such pretrial matters as

discovery[,] as inquiries of this kind can be peculiarly disruptive of effective government")

10

(quotation marks and alterations omitted).  This further convinces the Court that the claim-splitting approach to qualified immunity that Montalvo advocates is improper.

Finally, even if this claim-splitting were legally permissible, the Court cannot see any basis for doing so here.  The allegations Montalvo seeks to dismiss are inextricably linked to the allegations he leaves unchallenged.  That is, Plaintiff alleges that Montalvo injured her by striking her with his car and then treating her roughly in the process of taking her to get medical treatment for those injuries.  These actions form one transaction or occurrence, and, in their entirety, constitute the factual predicate for Plaintiff's single claim that Montalvo used excessive force in violation of her constitutional rights; the second half of the claim cannot be understood without reference to the first.

The Court is aware of no principle of law or logic that would support splicing the alleged conduct in the way Montalvo has requested.  Plaintiff alleges that her rights were violated when Montalvo struck her with his vehicle, threw her inside, and drove her to a distant hospital.  If Montalvo wishes to assert qualified immunity, he must claim immunity for all of this conduct or none of it.

III.    **CONCLUSION**

For the reasons set forth above, Defendant Montalvo's Motion, ECF No. 36, is **DENIED**.

**SO ORDERED.**

**SIGNED** on this 29th  day of January, 2011.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE